IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMIE REAY MACKAY, 22515-077, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-645-D |
| | ) | 3:91-CR-406-D |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural Background**

On August 18, 1992, Petitioner was convicted of one count of conspiracy to transport stolen goods, in violation of 18 U.S.C. § 371, and one count of interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314. On April 26, 1993, Petitioner was sentenced to twenty-one months confinement and three years supervised release. On direct appeal, Petitioner's conviction was affirmed in part and reversed in part. *United States v. MacKay*, 33 F.3d 489 (5th Cir. 1994). The Fifth Circuit Court of Appeals reversed the conviction as to count one. The case was not remanded for resentencing, however, because Petitioner's two counts were merged for sentencing purposes under the guidelines.

On January 24, 1995, the district court granted Petitioner's motion to modify his conditions of supervised release, and allowed Petitioner to emigrate to Australia.

On October 3, 1995, the district court issued a supervised release violator's warrant because Petitioner's probation officer reported that Petitioner (1) used and possessed amphetamine, methamphetamine and marijuana in June, July and August, 1995; (2) failed to report to his probation officer as instructed on August 16, 1995; (3) failed to notify his probation officer of his change in residence when he relocated to Australia; and (4) failed to attend mandatory counseling sessions on August 14 and 21, 1995.

On December 5, 2008, Petitioner was arrested on the supervised release violator's warrant in the Eastern District of Washington. On March 6, 2009, Petitioner pled true to each violation and was sentenced to eight months confinement with no additional term of supervised release.

On April 5, 2009, Petitioner filed this § 2255 petition. On June 28, 2009, he filed an amended petition. Petitioner argues:

(1) his trial counsel was ineffective for:

   (A) failing to file a motion for return of property and motion to suppress evidence;

   (B) failing to request a "*Dunaway* hearing" and failing to file a motion to quash the indictment;

   (C) failing to keep the promises she made in opening statements;

   (D) failing to impeach witness Bill Cole;

   (E) failing to discuss available defense options;

        (F)     failing to request a diminished capacity jury instruction;

        (G)     failing to cite case law and challenge legal presumptions;

        (H)     failing to object to and impeach expert witness testimony;

        (I)     failing to move for an alias subpoena;

        (J)     failing to object to an illegal sentence and non-neutral PSR;

    (2)     the prosecutor committed misconduct when the probation office submitted an inaccurate non-neutral PSR; and

    (3)     the prosecution committed misconduct when it failed to reveal that government witness Bill Cole had a prior felony record, worked for the victim railroad, and was pressured to testify.

On May 19, 2009, the Court ordered Petitioner to show cause why the petition should not be dismissed as barred by limitations. On June 16, 2009, Petitioner filed his response. On September 21, 2009, Respondent filed a motion to dismiss. The Court finds the petition should be dismissed as barred by the statute of limitations.

## II.  Discussion

### 1.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). On September 20, 1994, the Fifth Circuit decided Petitioner's appeal. Petitioner's conviction became final ninety days later on December 19, 1994. *See* Sup. Ct. R. 13.

Petitioner's limitation-commencing event occurred prior to the 1996 enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2255 petition on or before April 24, 1997, to avoid being time-barred. Petitioner did not file his federal petition until April 5, 2009. His petition is therefore untimely.

**2.**　　**Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner raises several claims for equitable tolling.  He argues: (1) he has not received a copy of his trial transcripts; (2) he did not receive a copy of his legal files and PSR until March 24, 2009; (3) this motion is timely under Federal Rules of Criminal Procedure 35 and 52; (4) he did not waive his right to seek habeas relief; (5) his conviction occurred before enactment of the AEDPA; (6) he was suffering from a mental disability which prevented his earlier filing; (7) he was not in the United States during the relevant time period; (8) he was not aware of the inaccurate PSR or sentencing errors; (9) he received ineffective assistance of trial counsel; (10) he was "out of custody" from 1995 until December 4, 2008; (11) did not know that a warrant had been issued and, once he learned of the warrant, he diligently pursued his habeas remedies; and (12) he was ill from 1994 until the present.

Petitioner's § 2255 claims attack his 1993 conviction.  He has not shown that he diligently pursued his habeas remedies by not seeking his PSR, trial transcripts and legal file until 2008.  For equitable tolling to apply, the applicant must diligently pursue habeas corpus relief.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).

Petitioner correctly states that his conviction became final prior to the enactment of the AEDPA.  The Court granted Petitioner statutory tolling until one year after enactment of the AEDPA.  He has not shown that a final conviction before the enactment of the AEDPA also entitles him to equitable tolling.

Although Petitioner states he was unaware of his claims and that he was not in the United

States during the limitations period, ignorance of the law does not entitle him to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

To the extent Petitioner argues he received ineffective assistance of trial counsel, this claim does not establish equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (finding ineffective assistance of counsel is insufficient to equitably toll AEDPA limitations period).

Petitioner also states he was "out of custody" once he was granted permission to emigrate to Australia. He states that once he was no longer in custody he could not file a § 2255 petition. Petitioner, however, was on supervised release when he was granted permission to emigrate. A term of supervised release is sufficient to place Petitioner in custody for purposes of § 2255. *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (stating parole meets "in custody" requirement).

Petitioner argues his motion is timely under Federal Rules of Criminal Procedure 35 and 52. Rule 35(a) requires that a sentencing error be corrected within seven days of the sentencing. Petitioner is clearly untimely under this section. Rule 35(b) applies only to motions filed by the government. The government in this case opposes Petitioner's motion. Rule 35 provides Petitioner with no basis for equitable tolling. Additionally, Rule 52 discusses review of harmless error and plain error and does not provide Petitioner with equitable tolling.

Petitioner also argues he was unable to timely file his § 2255 petition because he was suffering from a mental disability. He states he was granted permanent disability in 1994, which

was retroactive to 1989.

The Fifth Circuit has stated that mental incompetency might support equitable tolling. *Fisher*, 174 F.3d at 714. In *Fisher*, the petitioner was confined to a psychiatric ward, medicated, and separated from his glasses which rendered him legally blind. The Fifth Circuit denied equitable tolling, however, finding that a brief period of incapacity would not necessarily warrant equitable tolling. *Id.* at 715.

Additionally, in *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003), the Court denied equitable tolling where the petitioner was hospitalized thirteen times in a one-year period. The Court stated that petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file" his § 2255 petition.

In this case, Petitioner states he was granted permanent disability in 1994, which was retroactive to 1989. Petitioner does not state what type of disability he had, or how it prevented him from timely filing his petition. Further, the trial court ordered a competency examination and found Petitioner competent in 1993. To the extent this disability was present since 1989, it did not render him incompetent for trial. He has failed to allege or show that his mental condition deteriorated after his competency examination. *See Smith v. Dretke*, No. H-04-0372, 2005 WL 1745469 (S.D. Tex. July 22, 2005) (denying equitable tolling where petitioner failed to allege or demonstrate that mental condition deteriorated after competency examination and that mental condition rendered him unable to pursue habeas relief).

Petitioner also states that in 1994 he became ill from taking prescription medications. He

states that from 1994 until the present, he has treated himself with natural preventative medicine, exercise and nutrition. He states he made "much progress" in his treatment after he attended the World Council on Natural Healing and Medicine in August, 2000. Even if the Court granted Petitioner equitable tolling until August, 2000, his petition would still be untimely. Petitioner has failed to show how any illness prevented him from filing his petition within one year of August, 2000. *See United States v. Edwards*, No. 4:00-CR-176-Y and 4:04-CV-760-Y, 2004 WL 2965117 (N.D. Tex. Dec. 8, 2004) (finding petitioner must provide factual support to show his disability prevented him from filing post-judgment motion); *White v. Quarterman*, No. H-07-2039, 2007 WL 4223491 (S.D. Tex. Nov. 29, 2007) (stating petitioner failed to provide necessary details showing that mental impairment prevented him from timely filing habeas petition).

Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. His § 2255 motion should therefore be dismissed as barred by the one-year statute of limitations.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 6th day of January, 2010.

                                                                               _____
                                                                               PAUL D. STICKNEY
                                                                               UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).